IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA      :    CRIMINAL ACTION NO.
                                 :
        v.              :    NO. 1:91-CR-454-ECS
                                 :
SYLVIA MICKLE,          :
    Defendant          :

**REPORT AND RECOMMENDATION**
**OF THE MAGISTRATE JUDGE**

This matter is before the Court on Ms. Mickle's "Motion to Expunge Charges." [Doc. 16]. Ms. Sylvia Mickle brings this motion requesting that the misdemeanor charge of embezzlement of bank funds to which she pleaded guilty on February 18, 1992, be expunged from her record. Id. She recites that she paid her restitution and served her probation, which was completed in 1995. She asserts that she is a productive member of society, married with children, an active member of her church and PTA, and a volunteer on the Parent School Board. She has been the owner/director of a child care business since 1994. She asserts that her conviction prohibits her from acting as a childcare professional due to "recent changes in the procedure of criminal background checks," thus threatening her livelihood. Id.

The government opposes the motion [Doc 18], citing binding Fifth Circuit precedent, Rogers v. Slaughter, 469 F. 2d 1084, 1085

(5th Cir. 1972).[1]  The government argues that "the Court's privilege to expunge matters of public record is of exceedingly narrow scope," and is not warranted in this case. [Doc. 18 at 2, 4-5].

The undersigned has reviewed the authorities cited by the government and agrees that expungement is not warranted or justified here.   There is no specific constitutional or general statutory right to expungement. <u>Sealed Applicant v. Sealed Appellee</u>, 130 F.3d 695, 699-700 (5th Cir. 1997)(applicant not entitled to expungement of executive branch records).   Although the Court has the power to expunge such a record, the circumstances under which it may do so are exceedingly limited. <u>See</u> <u>United States v. Montgomery</u>, 2008 WL 276555 *1 (M.D. Ga.)(Lawson, J.)(citing <u>Cavett v. Ellis</u>, 578 F.2d 567 (5th Cir. 1978); <u>see</u> <u>also</u> <u>Rogers</u>, 469 F.2d at 1085 ("exceedingly narrow scope").   Based upon the authorities I have reviewed, and in the absence of any specific statutory basis, I conclude that expungement may be used appropriately only in extraordinary circumstances where the government's interest in maintaining criminal records is outweighed by special equitable factors that at least impugn the integrity of the conviction. <u>See</u> <u>United States v. Smith</u>, 940 F.2d 395, 396 (9th Cir. 1991).

No such special circumstances are presented in this case.  Ms. Mickle was convicted after a guilty plea, and the integrity of this

---

[1] <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1207 (11th Cir. 1981).

conviction has not been challenged. While she asserts economic hardship resulting from her conviction, economic and employment losses and effect on career are but factors to be considered and are not determinative.  <u>Hall v. Alabama</u>, 2010 WL 582076 *7-*9 (M.D. Ala.)(surveying case law); <u>United States v. Lopez</u>, 704 F.Supp. 1055, 1056 (S.D. Fla. 1988).  Expungement has been held to be inappropriate even where the conviction was set aside as unconstitutional, <u>Rogers</u>, 469 F.2d at 1085; even where Defendant was acquitted, <u>United States v. Singleton</u>, 442 F. Supp. 722, 724 (S.D. Tex. 1977); and even when the complaint was dismissed, where no special circumstances were shown, <u>United States v. Hinestrosa</u>, 2010 WL 352972 *7(S.D.Fla.), <u>adopted</u>, 2010 WL 3522971 (S.D.Fla.).

Accordingly, the undersigned concludes that the motion for expungement, [Doc. 16], should be **DENIED**.[2]

**SO REPORTED AND RECOMMENDED**, this 3rd day of December, 2014.

*S/ E. Clayton Scofield III*
E. Clayton Scofield III
UNITED STATES MAGISTRATE JUDGE

---

[2] Although the magistrate judge who sentenced Ms. Mickle was authorized by consent under 28 U.S.C. § 636(a)(5), there is no specific grant of authority to a magistrate judge to expunge criminal records. Hence this order is written as a report and recommendation and the undersigned further **RECOMMENDS** that this case be assigned by the Clerk under the applicable procedures to a district judge for review and adoption or rejection of this report and final decision of the motion. <u>See</u> <u>Lopez</u>, 704 F.Supp. At 1056.

AO 72A
(Rev.8/82)